Dear Mr. Burton:
You have requested an Attorney General's Opinion on whether the Board of Elementary and Secondary Education (BESE) has the authority to permit a reduction in the school session, if the instructional days are lengthened and the aggregate number of minutes meets the minimum required by legislation. Furthermore, you have requested an opinion concerning the implementation of a four (4) day school week for the 1996-1997 school term for Merryville High School located in Beauregard Parish.
You have further requested the implications of LSA-R.S. 17:225.1,Reduced school schedule: guidelines; pilotprograms, with regard to this proposed innovative four (4) day schedule.
In order to answer these questions, we find it necessary to address the definition of a school day. La. R.S. 17:154.1 (A) provides:
154.1. Length of school day; requirements
 The minimum school day for grades one through twelve in every public school in the state shall consist of three hundred thirty minutes of instructional time, exclusive of all recesses. This shall not be construed so as to prevent a local school board from providing for a school day consisting of up to three hundred sixty minutes of instructional time, exclusive of all recesses.
Opinion No. 87-823 of this office concluded:
 "Since there is no specific prohibition in the statute preventing the use of combination of partial days to make one whole 330 minute day, it is the opinion of this office that BESE also has the authority to decide whether a composite of aggregate minutes from separate calendar days may constitute a whole 330 minute instruction day."
 ". . . . in no case may the amount of school days go below the statutory mandate of 175 days of 330 minutes of instruction time."
It is therefore the opinion of this office that because BESE has the authority to determine the school day, and that an aggregation of minutes of parts of days can equal additional instructional days, and given the fact that the proposed schedule for Merryville High School is an adjusted school calendar schedule which expands, extends, and/or increases the instructional minutes that students will receive by 3810 minutes or eleven and one-half (11.5) days above the minimum required by BESE, that LSA-R.S. 17:225.1 does not apply to this situation because it speaks to a reduced schedule and not to an expanded or increased schedule. Thus, there exists no prohibition for schools or school systems to adjust school calendars which increase student instructional time whether by an increased number of calendar days or by an aggregation of additional minutes. Also, see Attorney General Opinion No. 94-204.
Furthermore, LSA-R.S. 17:225.1 states in paragraph (A) the following:
 "A. In order to assist each city or parish school board to operate a quality educational program, The Department of Education shall develop and establish guidelines for the implementation of a reduced school schedule
in any city or parish school system. . . . ." (Emphasis added)
However, paragraph (C) in the same statute states the following:
 "C. In order to evaluate the quality of educational programs offered on a reduced schedule, and to determine what guidelines and procedures may be necessary, the department, prior to accepting any applications from other systems, and prior to developing guidelines shall conduct a pilot program by authorizing Red River Parish Schools to operate on a reduced school schedule and monitor operation and its results." (Emphasis added)
LSA-R.S. 17:225.1 was effective July 11, 1982, and no pilot program in Red River Parish schools has ever been conducted.
It is clear that under the law the Department of Education has the power and authority to develop and establish guidelines for the implementation of a reduced school schedule in any city or parish school systems.
It is our opinion that paragraph C does not prevent the Department of Education from developing and establishing guidelines for implementation of a reduced school schedule in any city or parish school system. The Legislature has given BESE broad grants of authority over public elementary and secondary schools. See Attorney General Opinion No. 94-404.
The pilot program for Red River Parish was authorized by the Department of Education. The provisions of LSA-R.S. 17:225.1
Paragraph C indicate that statutory conditions are satisfied when the program is conducted by mere authorization of the pilot program. The fact that the Red River Parish School Board never actually implemented the pilot program should not prevent the Department of Education from accepting and providing for other reduced schedules as authorized in Paragraph A of Section 225.1. We might also note that the provisions of Paragraph C relating to the Red River Pilot Program are of doubtable constitutionality because Act 107 of 1982, that enacted Section 225.1, was not advertised as a special or local act as required by Article III, Section 13 of the Louisiana Constitution. However, the remainder of Act 107 would be severable and valid. (See: LSA-R.S. 24:175).
It is our opinion that BESE authorized Red River Parish Schools to establish a pilot program, but that was never implemented. It is the opinion of this office that subsection C is simply directive in nature and severable from the remainder of the statute.
If you have any further questions, please contact this office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ______________________________________________
 Milton M. Ourso, III Special Counsel
cc: Honorable Cecil Picard
Board of Elementary and Secondary Education
Date Received:
Date Released: July 12, 1996
Milton M. Ourso, IIISpecial Counsel to the Attorney General